JOSEPH W. WILSON, *Respondent, v.* EMILY R. JARMAN, and WILLIAM JARMAN, *Appellants.*

United States Marshal Could not Serve Process Prior to the Poland Bill.—Suit in Chancery and process served by the United States Marshal, Defendants made default ; *held,* that the Court failed to acquire jurisdiction of the parties, as the process must be served as prescribed by See. 28 of the Practice Act, and that prior to the passage of the Act of Congress commonly called the "Poland Bill," the United States Marshal was not the proper officer to serve the process.

Appeal from the Third District Court.

Motion for writ of assistance.

Motion granted in the Court below.

Defendant's appeal.

The other facts appear in the Opinion.

*Rosborough & Merritt,* for Appellants.

*Bennett & Whitney,* for Respondent.

BOREMAN, J., delivered the Opinion of the Court.

The Appellants executed a mortgage to Respondent upon certain land in Salt Lake City. The note, secured by the mortgage having become due, the Respondent entered suit to foreclose the mortgage. The subpœna in Chancery sued out was served upon the Defendants by the United States Marshal. The Defendants (Appellants) did not appear in the action, and a decree of foreclosure was duly rendered on the 10th day of September, A. D. 1873. The property was sold under the decree, and the Respondent became the purchaser and received his deed.

The Appellants refused to deliver possession, upon demand, and on application to the District Court, a writ of assistance was granted, the Appellants appearing at the time and objecting.

It is from the order of the Court granting the writ of assistance that this appeal is brought.

Appellants assign as an objection to said order, that the Court did not have jurisdiction of the persons of the Defendants (Appellants) in the foreclosure suit.

The service of process by the United States Marshal was not good. It should have been made as prescribed in the Civil Practice Act, Sec 28. The Act of Congress authorizing the United States Marshal to execute such process was not passed until after that time. The Court had not, therefore, acquired jurisdiction of the parties and its proceedings, so far as the Appellants were concerned, was void. The order of the District Court granting the writ of assistance is reversed.

EMERSON, J., concurs.

LOWE, C. J., not participating, the cause having been submitted at a former term.